Argued July 7, affirmed July 30, 1965

## STATE OF OREGON v. HAMMON

404 P. 2d 851

*Gary D. Babcock,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs were Lawrence A. Aschenbrenner, Public Defender, Salem.

*Jacob B. Tanzer,* Portland, Deputy District Attorney, argued the cause for respondent. With him on the brief was George Van Hoomissen, Portland, District Attorney.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

SLOAN, J.

Defendant was convicted of the stealing of money in excess of $75. He appeals. On appeal defendant claims he made admissions to the arresting officers before he was advised of his right to counsel and the right to remain silent.

The evidence discloses that at about 5 p.m. on a given evening, defendant was a patron at a tavern in Portland. At that hour one barmaid went off duty and another started. The departing barmaid took the money from the till, for which she was responsible, placed it in a sack and box and hid the box in a storeroom of the tavern. Shortly thereafter defendant was seen in the storeroom near the spot where the box had been hidden. Defendant then left the tavern and was gone for about 15 minutes. About an hour later the owner arrived and discovered the disappearance of the money. Defendant was accused. Police were called and defendant was immediately arrested for being drunk. He was searched and a key was taken from inside his shoe. The key proved to be for a locker in the bus depot.

Defendant accompanied the officers to the bus depot locker. A suitcase, admittedly belonging to defendant, was found in the locker. The suitcase contained the missing money. It is not claimed that the arrest for being drunk was unjustified or that the search of defendant's person was unlawful.

Defendant testified in his own behalf. He swore that the barmaid had given him the money for safekeeping and that he had taken the money to his locker for that purpose. He did not give any explanation that was understandable as to why he had refused to acknowledge that he had the money when he was ac-

cused by the owner of the tavern or by the police. No objection was made at the trial to the admission of any of the presently challenged evidence.

It is now argued that when defendant accompanied the officers to the bus depot locker it was an act of self-incrimination and he should have been advised of his rights before doing so.

As in any criminal case evidence of guilt is, of course, incriminating. *Escobedo v. State of Illinois,* 378 US 478, 84 S Ct 1758, 12 L Ed2d 977 (1964), and *State v. Neely,* 1965, 239 Or 487, 398 P2d 482, do not relate to all self-incrimination but to self-incrimination induced by police interrogation before an accused is given effective warning that he need not incriminate himself. He does not claim that he was coerced or compelled in the slightest to accompany the officers. To the contrary, and from his own testimony, he was an obliging, understanding guide.

To sustain his position defendant concedes that we must overrule *State v. Dotson,* 1964, 239 Or 140, 396 P2d 777. The *Dotson* case is now supported by *State v. Unsworth,* 1965, 240 Or 453, 402 P2d 507. We are satisfied that the decisions cited are correct and will not be reconsidered.

Affirmed.